WILLIAM PERKINS, administrator, *de bonis non cum testamento annexo*, plaintiff in error, vs. JOHN P. BROWN, defendant in error.

A will gave certain slaves to the testator's wife, for her life, with remainder to his children. The wife relinquished her life estate to the children, and divided out the negroes among them—she being the executrix. She died, and an administrator *de bonis non*, succeeded her. He brought trover for some of the negroes.

*Held*, That the relinquishment of the life estate, and the distribution of the negroes among the remaindermen, was evidence of assent to the legacy, and therefore, that the executrix, as well as her successor, the administrator *de bonis non*, was divested of all right to the slaves, and therefore, that he was not entitled to recover in the action.

Trover, in Pike Superior Court. Tried before Judge CABANISS, at April adjourned Term, 1859.

This was an action of trover brought by William Perkins, as administrator *de bonis non* with the will annexed, of Moses Perkins, deceased, against John P. Brown, for the recovery of two negro slaves, Mary and Warren, alleged to be the property of plaintiff's testator.

The defendant pleaded the general issue.

Plaintiff offered in evidence his letters of administration *cum testamento annexo*, and the will of Moses Perkins, the first, second and concluding clauses of which are as follows:

"1st. After my just debts are paid, I give and bequeath unto my beloved wife Sarah Perkins, all my property, both real and personal, during her natural life, or widowhood, but after her death or marriage, to revert to my children, except one negro girl Nelly, one cow and calf, one bed and furniture, and my kitchen furniture, which my wife Sarah, should she marry, shall have, during her natural life, and after her death, said negro Nelly with all her increase (should there be any) to revert to my children.

2d. Provided my wife should die or marry before my

youngest child arrives at lawful age, my property to be hired and disposed of to the best advantage, at the discretion of my executors, until the youngest child shall be of lawful age, and then to be equally divided amongst all my children, by sale or otherwise, at the discretion of my executors. Nevertheless, my executors may, at their discretion, as my children arrive at lawful age, give them such property as they think necessary, so as not to forego their equal part.

And I do hereby constitute, make and ordain my beloved wife, Sarah Perkins, and trusty friend, William Head, the sole executors of this my last will and testament," &c.

It was in proof, that Moses Perkins, the testator, died about the year 1824, and that his will was admitted to record and probate, in Jasper county, 6th May, 1824, and his widow took possession of his estate. Testator left ten children, and one was born after his decease; amongst his children was Epsey, a daughter, who intermarried with Henry Harrison, by whom she had three children. In 1849, Sarah Perkins the widow, made a division of the negroes which she held under said will, for her life, and surrendered them to her children, the remaindermen, and each received and took possession of his share; at this time both Harrison and his wife Epsey were dead. Epsey died before her husband, and the share coming to their children, who were infants, being two negroes, (the two sued for,) valued at four hundred and twenty-five dollars, were retained for them by said Sarah Perkins their grand-mother. All the children of Moses Perkins then living, were of age, assented to this division, and consented to the two negroes assigned to the children of Epsey, remaining in the possession of said Sarah, for them. Sarah Jane Harrison, one of these children, afterwards intermarried with defendant Brown, and they probably lived with Mrs. Perkins until her death, when Brown removed, and carried said two negroes away with him. He was appointed the guardian of William M. H. J. Harrison, an in-

fant brother of Mrs. Brown; and being thus in the posses-sion of said negroes, plaintiff, one of the sons of Moses Perkins, deceased, took out letters of administration *de bonis non cum testamento*, on the estate of said Moses, and insti-tuted this action of trover against defendant for said negroes.

The Court charged the jury as follows:

"According to the will of Moses Perkins, a life estate in his negroes was conveyed to his wife, with remainder to his children, to be equally divided between them, upon the death or marriage of his widow; with power to his widow to di-vide and assign to his children as they arrived at age, any of his negroes, so as not to exceed their respective shares, and this she had the power to do, by way of making advances to his children. Upon the assent of the executors, the life estate vested in Sarah Perkins, and the remainder in the children; and the share in remainder of Epsey Harrison vested in her. If Sarah Perkins relinquished her life estate in the negroes, and distributed them amongst the children who were of age, as advancements, and kept one share of the negroes, that relinquishment and division was an assent to the legacy, and the title to the negroes vested in those to whom they were respectively assigned, and the share which remained in the hands of Sarah Perkins vested in the estate of Epsey Harrison if she was then dead. That was an ad-ministration of the estate of Moses Perkins, so far as the negroes were concerned, and the title of the executors was divested, and could not be revested in the executrix by any act of hers; and under this state of facts, the administrator *de bonis non*, of Moses Perkins, had no title to the negroes, and could not recover. The administrator of Mrs. Epsey Harrison, if she died before her husband reduced the ne-groes into possession, was alone entitled to sue for and re-cover the same," &c.

Counsel for plaintiff requested the Court to charge the ju-ry, that if Sarah Perkins reserved the negroes for the chil-dren of Epsey Harrison, and not for her administrator, that

did not amount to an assent to the legacy, and an execution of the will of Moses Perkins. The Court refused so to charge.

To which charge and refusal to charge, counsel for plaintiff excepted.

The jury found for the defendant, and plaintiff moved for a new trial, on the ground, that the Court erred in the charge above stated, and in refusing to charge as requested.

The Court overruled the motion for a new trial, and plaintiff excepted.

ALFORD; and GIBSON, for plaintiff in error.

GREEN & STEWART; and FLOYD, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in overruling the motion for a new trial? We think so.

The grounds of that motion were two; one the charge given, the other the refusal of the charge requested to be given.

Was the charge given, right? That charge was in effect, as follows; that if the executrix, Mrs. Perkins " relinquished her life estate in the negroes, and distributed them amongst the children," " and kept one share of the negroes, that relinquishment and division was an assent to the legacies," and she was divested of the title, which, as executrix, she had to the negroes, and consequently that there was no title left in her which could pass into her successor, the administrator *de bonis non,* and therefore, that he was not entitled to recover.

On this charge, there seem to be only two questions; one, did the relinquishment and division, amount to an assent by the executrix, to the legacy to the remaindermen ? the other, if so, did that assent divest her of all title as executrix, and

so leave none in her, to pass to her successor, the administrator *de bonis non*, the plaintiff in trover?

The relinquishment of her life interest, shows that she was claiming that interest under the will—she therefore, had assented to the legacy, so far as it was a legacy of an estate to her for her life ; and that was an assent to it, so far as it was a legacy to the remaindermen. "If a term of years, or other chattel, be bequeathed to A. for life, with remainder to B., and the executor assents to the interest of A., such assent will enure to vest that of B.; and *e converso* ; for the particular estate, and the remainder constitute but one estate." 2 *Wms. exor's*, 986, *citing the cases*.

The division was a fact still stronger; that showed, that she also actually assented to the remainder part of the legacy.

Then, the part of the charge, to which the first question applies, was right.

Perhaps the assent of the executor, to a legacy, of even the slightest interest in a piece of property, is sufficient to divest him of all title to that property, and so, to prevent him from recovering the property at the termination or extinction of that slight interest. *Id.* 988.

But it must certainly be true, that if the legacy be of the whole interest in a piece of property, and the executor assent to that legacy, the assent will divest him of all title to the property, and so, will prevent him from ever recovering it ; because in that case, the whole interest in the property passes to the legatee, and the right to sue for it, is a right of his. And here, the legacy was of the whole interest ; it was a gift to Mrs. Perkins, for her life, with remainder to the children. The right then to sue for the property, passed out of the executrix, by her assenting to the legacy. If so, neither she, as executrix, nor any other representative of the testator's estate, could have the right to sue for the property. The right to sue for it, was in the legatees, or those claiming under the legatees. What particular persons these are, is of

Perkins, adm'r, vs. Brown.

no consequence, in the present case. The Court below, it is true, expressed an opinion, as to the persons in whom was the title to the negroes in dispute, but it was not necessary, that the Court should do so, and we do not pass on that opinion. It is sufficient, that the part of the charge was right, which said, that if there was an assent, to the legacy, the plaintiff could not recover; it will be time enough to decide the question, whether the negroes belong to the children of the deceased child, or to her husband, when a case between the children and the husband arises.

We think, then, that the charge was right, so far as the second question applies; and, therefore, that it was generally right—i. e., right in the conclusion to which it came, that the plaintiff was not entitled to recover—if there was an assent to the legacy.

Was the second ground of the motion good; the refusal of the charge requested?

If Mrs. Perkins, the executrix, received the negroes for the children of Epsey Harrison, who was dead, it shows, it is true, that she thought that the children, and not the husband of Epsey Harrison had succeeded to Epsey Harrison's rights in the negroes; but, it equally shows, that she had assented to the legacy, as a legacy to *Epsey Harrison*, who, and not the children, was the legatee. That the administratrix agreed that the children of Mrs. Harrison might receive the legacy, is evidence that she would have agreed, that Mrs. Harrison herself might receive it, if Mrs. Harrison had been alive.

We think, then, that the Court was right, in refusing to charge the jury, that Mrs. Perkins's receiving the negroes for the children of Epsey Harrison, and not for Epsey Harrison's administrator, did not amount to an assent to the legacy to Mrs. Harrison.

Judgment affirmed.